**WO** RP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

David Brown, Jr.,
Plaintiff,
vs.
D. Hurt, et al.,
Defendants.

No. CV 10-2440-PHX-JAT (DKD)

**ORDER**

Plaintiff David Brown, Jr., who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 28 U.S.C. §§ 1331 and 1441 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 3), and an Inmate Account Statement (Doc. 4). The Court will grant the Application to Proceed *In Forma Pauperis*, assess an initial partial filing fee, and dismiss the Complaint.

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $26.55. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts,

a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III. Complaint**

Named as Defendants in the Complaint are the following Police Detectives with the City of Phoenix Police Department: (1) D. Hurt; (2) M. Roach; (3) T. Banks; and (4) C. Moore.

Plaintiff's sole ground in the Complaint is that his Fourth Amendment rights were violated when he was detained "without aid of [a] warrant and placed into custody by Officers of the [Phoenix] Police Department" and when he was later "stripped searched by Officers [in] an invasive process without aid of [a] warrant." Plaintiff alleges that "[a]s a result of this unwarranted search [he] was charged in the Superior Court of Arizona Maricopa Count[y], CR# 2010-148621-001."

Plaintiff seeks to have this criminal case in the Maricopa County Superior Court removed to this Court under 28 U.S.C. §§ 1331 and 1441 "for review" of the violation of his constitutional and civil rights.

**IV. Failure to State a Claim**

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In the Complaint, Plaintiff indicates that this Court has jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331 and 1441. However, neither of these statutes provides this Court will jurisdiction to remove Plaintiff's criminal case from the Maricopa County Superior Court as Plaintiff seeks. First, 28 U.S.C. § 1331 simply states that the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The statute does not give Plaintiff specific authority to remove a state criminal action to this Court. Second, although 28 U.S.C. § 1441 provides specific authority for the removal of certain state actions to this Court, it only provides authority for **defendants** to remove certain **civil actions** this Court. Plaintiff is attempting to remove a state criminal action, not a state civil action, to this Court. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted in this Court.

Moreover, the Court notes that even if the Court were to liberally construe Plaintiff's Complaint as being brought pursuant to 28 U.S.C. § 1443, Plaintiff would still not be entitled to relief. Under 28 U.S.C. § 1443, civil actions or criminal prosecutions commenced in state court may be removed by a defendant to this Court if the action or prosecution is "[a]gainst any person who is denied or cannot enforce in the courts of such [s]tate a right under any law providing for the equal civil rights or citizens of the Unites States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1441(1). Also removable are civil actions or criminal prosecutions commenced in state court "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1441(2).

Plaintiff's allegations in the Complaint do not involve the denial of equal rights. Instead, Plaintiff is complaining that his Fourth Amendment rights were violated when he was subjected to an "unreasonable search and arrest without probable cause or warrant." This is not sufficient to support the removal of a state criminal case to this Court. See Steele v. Superior Court of Cal., 164 F.2d 781, 782 (9th Cir. 1947) (allegation that evidence obtained by illegal search and seizure would be introduced in state criminal trial not sufficient ground for removal). Moreover, a civil rights Complaint cannot be used to remove a state criminal case to this Court. Instead, a defendant must file a notice of removal that

complies with 28 U.S.C. § 1446, which Plaintiff has not done.

Because this Court does not have jurisdiction to entertain this action, Plaintiff's Complaint and this action will be dismissed for failure to state a claim upon which relief may be granted.

**V. Dismissal of Complaint Without Leave to Amend**

Because it is clear from the face of the Complaint that the deficiencies in the Complaint cannot be cured by amendment, the Court will order that the action be dismissed without leave to amend and judgment entered accordingly. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is a**ssessed** an initial partial filing fee of $26.55.

(3) The Complaint (Doc. 1) and this action are **dismissed** for failure to state a claim upon which relief may be granted, and the Clerk of Court **must enter judgment** accordingly.

(4) The Clerk of Court **must make an entry** on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket **shall reflect** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 25th day of January, 2011.

James A. Teilborg
United States District Judge